634 So.2d 806 (1994)
Robert L. GUYER, as an Individual and Parent and Guardian, and Matthew C. Guyer, a minor, and Benjamin M. Guyer, a minor, Appellants,
v.
The SCHOOL BOARD OF ALACHUA COUNTY, Florida, and Frank J. Lagotic, Chairman, Appellees.
No. 92-3669.
District Court of Appeal of Florida, First District.
April 7, 1994.
Thad M. Guyer, Medford, OR, for appellants.
Francis H. Sheppard of Rumberger, Kirk & Caldwell, Orlando, for appellees.
JOANOS, Judge.
This is an appeal from an order granting summary final judgment in favor of the Alachua County School Board, based on the court's determination as a matter of law that the use of popular symbols of Halloween in the public elementary school's Halloween festivities does not violate the establishment clauses of the Florida and U.S. constitutions. We affirm the trial court's ruling.
Appellants took issue with the depiction of witches, cauldrons, and brooms included in decorations placed in the public elementary schools in Alachua County, as well as with *807 teachers dressing up as witches in black dresses and pointed hats, prior to and on October 31. As a result, appellant Robert Guyer kept his children out of Hidden Valley Elementary School on Halloween and subsequently sued to permanently enjoin the schools from including these depictions and costumes in future Halloween celebrations. Both parties submitted motions for summary judgment, each arguing to the trial court that there were no genuine issues of material fact and each contending they were entitled to summary judgment as a matter of law. Both appended supporting affidavits.
The affidavits appellants submitted included statements of a cultural anthropology professor and others to the effect that "Wicca" is a variety of witchcraft and a religion, which has an increasing number of followers in recent times; some followers of "Wicca" consider Halloween a religious holiday; and witches wearing long black gowns, as well as cauldrons and brooms, are significant to followers of "Wicca."
Appellees submitted the affidavit of the principal of Hidden Valley Elementary School, who stated that at the time in question, a number of teachers dressed in Halloween-related costumes, including a clown costume, a Ronald Reagan costume, and a witch costume; a member of the PTA put up a carnival poster which depicted a Halloween witch stirring a pot; some classes hold storybook dress-up day, where the teacher dresses as a book character; on one occasion, a teacher dressed as the witch from The Wizard of Oz; the book Streganona, an awardwinning fairy tale with a witch character, has been read in conjunction with the festivities; these activities have been displayed in a secular and non-sectarian fashion and there has been no attempt to teach or promote wicca, satanism, witchcraft or any form of religion; costumes and decorations simply serve to make Halloween a fun day for the students and serve an educational purpose by enriching the educational background and cultural awareness of the students.[1]
Appellees also submitted the affidavit of a professor of religion disputing that "the celebration of Halloween in the public schools constitutes either a sacred festival in the ritual calendar of the wiccan religion or a perpetuation of the religious life of the wiccan faith," or that popular Halloween symbols are symbols of "Wicca." He also asserted that the contemporary Halloween celebration is a secular event without religious connotations or activities, and a celebration of a cultural festival, which "is an important event in the life of society and serves to bring the community together," and does not result in the school board associating itself with any particular religion. The trial court concluded that the use of these symbols in the public schools does not constitute an establishment of religion.
Appellants contend that the trial court erred in granting summary judgment without determining whether, in fact, the witch, cauldron, and broom are religious symbols, and in determining as a matter of law that there is no violation of the establishment clause. We find no error in the failure to specifically state whether these symbols have religious significance. There are no genuine issues of material fact left to be resolved in this case. Even assuming the symbols do have religious significance to some, there is no violation of the establishment clause in the public school celebration of Halloween.
As a preliminary matter, appellants contend that the three-part test set forth in Lemon v. Kurtzman, 403 U.S. 602, 91 S.Ct. 2105, 29 L.Ed.2d 745 (1971), is no longer viable in analyzing establishment clause cases. According to Lemon, in deciding whether a government practice violates the establishment clause, the court should determine "whether the challenged law or conduct has a secular purpose, whether its principal or primary effect is to advance or inhibit religion, and whether it creates an excessive entanglement of government with religion." Lynch v. Donnelly, 465 U.S. 668, 679, 104 S.Ct. 1355, 1362, 79 L.Ed.2d 604 (1984). While the Supreme Court has "repeatedly *808 emphasized our unwillingness to be confined to any single test or criterion," in evaluating establishment clause questions, Lynch, 465 U.S. at 679, 104 S.Ct. at 1362, recently the Court reaffirmed the viability of Lemon as a tool for analysis of these questions. See Lamb's Chapel v. Center Moriches School District, ___ U.S. ___, ___, 113 S.Ct. 2141, 2148, 124 L.Ed.2d 352 (1993). In addition to the Lemon analysis, the Court has "paid particularly close attention to whether the challenged governmental practice either has the purpose or effect of `endorsing' religion, a concern that has long had a place in our Establishment Clause jurisprudence." Allegheny County v. Greater Pittsburgh ACLU, 492 U.S. 573, 109 S.Ct. 3086, 106 L.Ed.2d 472 (1989). The Court has also indicated that the setting, or context, in which a religious symbol is displayed is crucial in determining whether it violates the establishment clause. See Allegheny County, 492 U.S. at 598, 109 S.Ct. at 3103-04.
Appellants assert, and we recognize, that particular care must be taken in cases involving impressionable school children. See School District of Grand Rapids v. Ball, 473 U.S. 373, 390, 105 S.Ct. 3216, 3226, 87 L.Ed.2d 267 (1985), and Smith v. Board of School Commissioners of Mobile County, 827 F.2d 684, 689-90 (11th Cir.1987):
This special context is one which requires a sensitivity on the part of the court to both the broad discretion given school boards in choosing the public school curriculum, which mandates that courts not intervene in the resolution of conflicts arising in the daily operation of school systems unless basic constitutional values are `directly and sharply implicate[d],' and the pervasive influence exercised by the public schools over the children who attend them, which makes scrupulous compliance with the establishment clause in the public schools particularly vital.
In the present case, there is no doubt that the Halloween festivities and decorations serve a secular purpose. According to the school principal, the costumes and decorations serve to make Halloween a fun day for students and serve an educational purpose by enriching their educational background and cultural awareness. The record also reflects that this cultural celebration enhances a sense of community.[2] In addition, the Halloween festivities and decorations do not foster any excessive entanglement between government and religion. No evidence was offered to show that any one acted in furtherance of any religion and as such had any involvement whatsoever with the school Halloween celebration, nor was there any argument to that effect. Thus the question in this case boils down to whether the principal or primary effect of the celebration, including depictions of the symbols appellants object to, is the endorsement or promotion of religion. We are firmly convinced that it is not.
The determinative question is not whether the witch, cauldron, and broom are capable of communicating a religious message to some people. See Allegheny County, 492 U.S. at 598, 109 S.Ct. at 3103 ("[t]here is no doubt, of course, that the creche itself is capable of communicating a religious message"). What is determinative is the context in which these symbols are displayed. Id.
We note that the symbols at issue here, although assumed to be religious symbols to some for purposes of our discussion, are unlike a symbol such as a Latin cross, because they are not "singularly" and "distinctively" religious, see Lynch, 465 U.S. at 694, 104 S.Ct. at 1370 (Justice Brennan dissenting), and Harris v. City of Zion, 927 F.2d 1401, 1403, 1412 (7th Cir.1991) cert. denied ___ U.S. ___, 112 S.Ct. 3054, 120 L.Ed.2d 920 (1992).[3] In addition, here the depictions of *809 witches were displayed in combination with pumpkins and other typical symbols of Halloween that today signify nothing more than the secular celebration of a traditional cultural event. Witch costumes were worn along with clown and Ronald Reagan costumes as well as other dress-up costumes.[4] No religious ceremony of any kind is alleged to have taken place in conjunction with the festivities. Given the overall physical and cultural setting of the Halloween festivities, it is not "sufficiently likely to be perceived by adherents of the controlling denominations as an endorsement, and by the nonadherents as a disapproval of their religious choices," see School District of Grand Rapids, 473 U.S. at 390, 105 S.Ct. at 3226, nor is there a "realistic danger that the community would think that the [school board] was endorsing religion or any particular creed ...," Lamb's Chapel, ___ U.S. at ___, 113 S.Ct. at 2148, even though some individuals may be offended by the display, see Lee v. Weisman, ___ U.S. ___, 112 S.Ct. 2649, 120 L.Ed.2d 467 (1992) ("[p]eople may take offense at all manner of religious as well as nonreligious messages, but offense alone does not in every case show a violation"). A government practice does not "violate the establishment clause because it `happens to coincide or harmonize with the tenets of some or all religions.'" Harris v. McRae, 448 U.S. 297, 319, 100 S.Ct. 2671, 2689, 65 L.Ed.2d 784 (1980), citing McGowan v. Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961); see also Lynch, 465 U.S. at 715, 104 S.Ct. at 1381 (Justice Brennan dissenting). In this case, as in Fleischfresser v. Directors of School District 200, 15 F.3d 680 (7th Cir.1994), "[a]ny religious references are secondary, if not trivial." By its participation in these Halloween festivities, the school board does not "send[] an unmistakable message that it supports and promotes" Wiccan beliefs. Allegheny County, 492 U.S. at 600, 109 S.Ct. at 3104.
"The Establishment Clause ... primarily proscribes `sponsorship, financial support, and active involvement of the sovereign in religious activity.'" School District of Grand Rapids, 473 U.S. at 381, 105 S.Ct. at 3221. We believe the Supreme Court's closing comments in Lee v. Weisman, quoting Abington School District v. Schempp, 374 U.S. 203, 83 S.Ct. 1560, 10 L.Ed.2d 844 (1963), are particularly appropriate here:
The First Amendment does not prohibit practices which by any realistic measure create none of the dangers which it is designed to prevent and which do not so directly or substantially involve the state in religious exercises or in the favoring of religion as to have meaningful and practical impact. It is of course true that great consequences can grow from small beginnings, but the measure of constitutional adjudication is the ability and willingness to distinguish between real threat and mere shadow.
Witches, cauldrons, and brooms in the context of a school Halloween celebration appear to be nothing more than a mere "shadow", if that, in the realm of establishment cause jurisprudence.
AFFIRMED.
ZEHMER, C.J., and WEBSTER, J., concur.
NOTES
[1] Included in the record is the school cafeteria calendar depicting a witch holding a wand, with the caption, "What's cooking?"
[2] And see for example, Fleischfresser v. Directors of School District 200, 15 F.3d 680 (7th Cir.1994), where, in a challenge to a series of elementary school readers on first amendment grounds, the court noted, in footnote 8, that the stories of witches were sequenced to coincide with a Halloween theme, and "[t]he American tradition of celebrating the eve of All Saints' Day is certainly a secular one."
[3] To the extent it is necessary to distinguish Harris from the instant case, due to appellant's contention that Harris requires us to find a violation of the establishment clause in this case, this is one distinguishing factor. Additional distinguishing factors are that the Latin cross was displayed (1) on the municipal seal (2) on a permanent, year round basis.
[4] As far as the teacher dressing as a witch is concerned, the cases appellants cite on religious garb indicate that for clothing to be symbolic of religion, "`it must communicate the wearer's adherence to a particular religion.'" See for example Cooper v. Eugene School District, 301 Or. 358, 723 P.2d 298 (1986), appeal dismissed, 480 U.S. 942, 107 S.Ct. 1597, 94 L.Ed.2d 784 (1987). In the present case, no one contends that the teacher wearing the witch costume did so to communicate her adherence to a particular religion.